**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN M. SMITH,
Plaintiff-Appellant,

v.

BARBARA A. MORGAN, Individually

and as Solicitor for the Second
Judicial Circuit of the State of
South Carolina,
Defendant-Appellee.

No. 96-1445

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-95-513-1-6)

Submitted: November 26, 1996

Decided: February 21, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

B. Michael Brackett, ROGERS TOWNSEND & THOMAS, P.C.,
Columbia, South Carolina, for Appellant. Vinton D. Lide, Michael S.
Pauley, LIDE, MONTGOMERY, POTTS & MEDLOCK, P.C.,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Smith appeals the district court's orders dismissing his 42 U.S.C. § 1983 (1994) civil complaint under F ED. R. CIV. P. 12(b)(6), based on prosecutorial immunity, and denying his motion for reconsideration. Barbara Morgan, the South Carolina state prosecutor accused of violating Smith's civil rights, answered Smith's complaint asserting both absolute and qualified immunity. Smith challenges the district court's determination that Morgan was immune from suit by prosecutorial immunity. Finding no reversible error, we affirm both orders of the district court.

Smith claims that Morgan violated his civil rights by seeking and obtaining an indictment against him for obstruction of justice. The indictment was later dismissed; however, Smith asserts that Morgan maliciously sought the indictment without probable cause and defamed him by making an extra-judicial statement concerning the indictment's dismissal. Smith is not entitled to relief.

In reviewing the propriety of a Rule 12(b)(6) dismissal, we consider whether the complaint, accepting the allegations as true, allows a recovery. Waterford Citizens' Ass'n v. Reilly , 970 F.2d 1287, 1290 (4th Cir. 1992). For important public policy reasons, the Supreme Court held in Imbler v. Pachtman, 424 U.S. 409 (1976), that absolute prosecutorial immunity is essential for activities intimately associated with the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Prosecutors must often make decisions that could produce a colorable cause of action for deprivations of constitutional rights, and defending these decisions could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials. Id. at 425-26. Thus, the Supreme Court specifically held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under

2

§ 1983." Id. at 431. Further, the Court noted that there are other ways to punish prosecutorial misconduct, such as professional disciplinary action and criminal prosecution. Id. at 429. Consequently, the district court did not err in finding Morgan's actions protected by prosecutorial immunity.

Finally, to the extent that Smith alleges that Morgan defamed him, even assuming the correctness of his allegations, Smith is not entitled to relief. Section 1983 can not be used as a vehicle to assert a defamation claim, because personal reputation alone is not a liberty interest within the meaning of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 712 (1976); see also Siegert v. Gilley , 500 U.S. 226, 231-234 (1991).

Accordingly, we affirm the orders of the district court. Additionally, we deny Smith's motion to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3